UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| C.D.S. INC.,<br><br>        Plaintiff,<br><br> -against-<br><br>BRADLEY ZETLER, CDS, LLC, RAPID SYSTEMS CC, and JOHN DOES 1-5,<br><br>        Defendants,<br><br> -and-<br><br>AMAZON WEB SERVICES, INC. and RACKSPACE US, INC.,<br><br>       Nominal Defendants. | Civil Action No. 1:16-cv-3199-VM |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION BY ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

Stephen J. Riccardulli
Sonia H. Lee
NORTON ROSE FULBRIGHT US LLP
666 Fifth Avenue
New York, New York  10103
Tel.:  (212) 318-3000
Fax:  (212) 318-3400
stephen.riccardulli@nortonrosefulbright.com
sonia.lee@nortonrosefulbright.com

*Counsel for Nominal Defendant
Rackspace US, Inc.*

Nominal Defendant Rackspace US, Inc. ("Rackspace") respectfully submits this memorandum of law in opposition to Plaintiff C.D.S. Inc.'s ("Plaintiff" or "CDS Inc.") motion, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for a temporary restraining order and order to show cause why a preliminary injunction should not issue.

## INTRODUCTION

Rackspace is an information technology company based in San Antonio, Texas. *See* Declaration of Bryan Carter[1] ("Carter Decl.") at ¶ 2. Its services include, but are not limited to, providing the infrastructure and technology to support customer email accounts. *Id.*

Rackspace has an agreement with defendant, CDS, LLC ("LLC"), to provide email hosting services. Carter Decl. at ¶ 6. Upon information and belief, certain of the domains (and associated mailboxes) contained in LLC's mail account at Rackspace (the "LLC Account") are the subject of Plaintiff's instant application for a temporary restraining order, at least as it relates to Rackspace.

This is a dispute between CDS, Inc. and Bradley Zetler, LLC, and Rapid Systems CC (collectively, the "Zetler Defendants"). Rackspace is – as acknowledged by Plaintiff – a nominal defendant. Plaintiff has not alleged any wrongdoing by Rackspace. Rackspace has committed none. Still, Plaintiff seeks to place an undue burden on Rackspace during the months (or years) until the underlying dispute is resolved. Specifically, in its *Order to Show Cause for Preliminary Injunction and Temporary Restraining Order* (the "Proposed Order"), Plaintiff seeks an Order from this Court requiring Rackspace – under penalty of contempt of court – to:

> 1. "[P]rovide plaintiff full and complete access to the [LLC Account] to which C.D.S. Inc. formally had access, on terms coincident with those which the Zetler Defendants collectively currently have, including without limitation [the] creation of provisional or

---

[1] The Declaration of Bryan Carter has been filed concurrently with this memorandum of law and is incorporated herein by reference.

>    temporary usernames, passwords, login information, [and] administrator rights";
>
> 2. "[I]mmediately commence creation of, and then maintain, a mirrored cumulative backup of all data in the account, maintained by it without access to any party hereto"; and
>
> 3. "[T]ake such other and further acts as may be necessary to protect all data in the A[ccount] from alternation or deletion pending further Order of the Court."

Proposed Order at ¶ 2.

Simply put, Plaintiff wants access to the LLC Account and to ensure that the data currently in the email systems are preserved – both of which can be accomplished without enjoining nonparty and nominal defendant, Rackspace. Indeed, if the Court were to enter the Proposed Order as to the Zetler Defendants only, Plaintiff would have no need for recourse against Rackspace. *See* Proposed Order at ¶¶ 2, 5, 8. Should the Court find that access to the LLC Account be granted to Plaintiff, it can order the Zetler Defendants to do so, and they can accomplish this with no further action of Rackspace.[2]

To the extent preservation of data remains a concern, by operation of law, LLC already has an independent duty to preserve relevant information as it relates to this proceeding. Remedies are available to Plaintiff in the event the Zetler Defendants fail to fulfill its duty to preserve, namely sanctions. Additionally, Rackspace provides commercial services that allow for the archiving of mail messages in its customers' email environments. *See* Carter Decl. at ¶ 3. The parties can simply buy these services from Rackspace (either on their own accord or by Order of the Court), which can achieve the same purpose as a "mirrored cumulative backup of all data in the account." *Id.*

---

[2] While there can only be one primary contact on any given Rackspace account, customers are free to add and remove authorized users to their accounts via the customer control panel. *See* Carter Decl. at ¶ 10.

If the Court is inclined, however, to enter an order against Rackspace, Rackspace respectfully submits that the order not include the requested obligation as set forth in the third enumerated paragraph above. Not only is this request incredibly vague, it amounts to an order requiring Rackspace to police the parties' conduct so as to "protect" all data in the account from alteration or deletion. Rackspace does not have care, custody, or control over its customers' data; rather it provides a managed platform upon which its customers exercise care, custody and control of their own data. Moreover, given the dynamic nature of email, it would be impossible for Rackspace to protect against <u>any</u> "alteration" of a customer's mailbox.[3] As such, Rackspace is in no position to take on the obligations of protecting the data in the LLC Account, certainly in no better position than the parties themselves. While such a requirement is unnecessary in these circumstances, it would also place an unfair burden on Rackspace and its business operations.

## ARGUMENT

A preliminary injunction is "one of the most drastic tools in the arsenal of judicial remedies." *Grand River Enter. Six Nations v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007); *see also Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (describing preliminary injunction as an "extraordinary and drastic remedy"); *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l, Ltd.*, 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002) ("The standard for granting a temporary restraining order and a preliminary injunction pursuant to Rule 65 of the Federal Rules of Procedure are identical.").

A party seeking a preliminary injunction must demonstrate "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a

---

[3] Technically, a mailbox has been altered the moment an email is sent or received.

balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (quotations and citation omitted).

An even more rigorous standard requiring a "clear" or "substantial" showing of likelihood of success applies where, as here, "(i) an injunction will alter, rather than maintain, the status quo, or (ii) an injunction will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits." *Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 149-50 (2d Cir. 1999). The party seeking the injunction carries the burden of persuasion to demonstrate, "by a clear showing," that the necessary elements are satisfied. *Litwin v. OceanFreight, Inc.*, 865 F. Supp. 2d 385, 392 (S.D.N.Y. 2011). This required showing is more important where the order sought would enjoin parties other than those involved in the dispute. *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir. 1930) ("[N]o court can make a decree which will bind any one but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree.").

**I.     Plaintiff Has Failed to Show Likelihood of Success Against Rackspace.**

Rackspace is not a party to the underlying dispute that is the subject of this matter. Indeed, it has no personal knowledge regarding any of the allegations contained in the Complaint, Plaintiff's *Memorandum of Law in Support of Plaintiff's Motion by Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order* and/or the supporting declaration of Jerome Marechaux. As such, Rackspace can neither accept nor deny the allegations as stated by Plaintiff, and takes no position as to whether Plaintiff may prevail against Defendants. However, Plaintiff has asserted no claims against Rackspace. As such, Plaintiff cannot meet its burden to demonstrate a likelihood of success with respect to claims it did not assert against a nominal defendant.

## II. Plaintiff's Requested Order against Rackspace is Unnecessary.

As discussed above, Plaintiff's request can be accomplished by simply entering the Proposed Order as to the Zetler Defendants. By doing so, Plaintiff would gain access to the LLC Account with no further action by Rackspace. Also, as previously noted, LLC already has an independent duty to preserve relevant information as it relates to this proceeding, which includes the email contained in the LLC Account. Other remedies are available to Plaintiff in the event the Zetler Defendants fail to fulfill its duty to preserve.

Furthermore, once provided access to the account, Plaintiff, alongside the Zetler Defendants, would be in a position to purchase archiving services from Rackspace, which could achieve the purposes Plaintiff has set forth in its motion – maintaining the integrity of the data in the LLC Account. *See* Carter Decl. at ¶ 3.

## III. The Proposed Order Will Place An Undue Burden on Rackspace.

Rackspace has demonstrated why the requested order as to Rackspace is not necessary. However, if the Court is inclined to enter an Order against Rackspace, Rackspace respectfully requests that the Order not contain the catch-all provision requiring Rackspace to "take such other and further acts as may be necessary to protect all data in the A[ccount] from alteration or deletion pending further Order of the Court." Proposed Order at ¶ 2.

This language is overly broad, vague, and unduly burdensome, and would require Rackspace to perform functions outside of its normal course of business. A plain reading of the order would require Rackspace to effectively police the conduct of all parties, which is inappropriate given its limited role in these proceedings. No such obligation is warranted.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's motion for a temporary restraining order and preliminary injunction against Rackspace.

Dated: May 4, 2016
      New York, New York

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

By:   /s/ Stephen J. Riccardulli
      Stephen J. Riccardulli
      Sonia H. Lee

666 Fifth Avenue
New York, New York  10103
Tel.:  (212) 318-3000
Fax:  (212) 318-3400
stephen.riccardulli@nortonrosefulbright.com
sonia.lee@nortonrosefulbright.com

*Counsel for Nominal Defendant
Rackspace US, Inc.*