# The Law Office of Ihsan Dogramaci



1120 Avenue of the Americas, 4th Floor
New York, NY 10036

Tel: (212) 309 7580
Fax: (646) 568 3727

Sender's e-mail
idogramaci@idlawoffice.net

October 20, 2016

**BY FAX**

Hon. Victor Marrero
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Suite 1040
New York, NY 10007

      Re:    *C.D.S. Inc. v. Zetler et al.*, No. 16 Civ. 3199 (VM) (JLC)

Dear Judge Marrero:

      I represent defendant CDS LLC and defendants/counterclaim plaintiffs Rapid Systems CC and Bradley Zetler (collectively "Rapid Systems") in this case.

      This morning Rapid Systems submitted to the Court a proposed Order to Show Cause along with supporting declarations and a supporting memorandum of law.[1] As requested by the Court, I write to request a hearing at the Court's earliest convenience on Rapid Systems' pending motion.

      Rapid Systems' proposed Order to Show Cause provides for a temporary restraining order against the counterclaim defendants: C.D.S. Inc., CDS SARL, Jerome Marechaux, Jerome Viollon, Christelle Riot, Christophe Racle, and Diane Treat (collectively "CDS"). The language of the proposed temporary restraining order is as follows:

> IT IS FURTHER ORDERED that, sufficient reason hav[ing] been
> shown therefore, pending the hearing, CDS is temporarily
> restrained from taking any further action in connection with the
> new booking software under development.

---

[1] Departing from the precedent set by plaintiff C.D.S. Inc., which presented a 13-page proposed Order to Show Cause to this Court on April 29, 2016, with no notice at all to Rapid Systems – indeed failing to give Rapid Systems any notice until the evening of May 2, 2016 – Rapid Systems notified the counterclaim defendants of its application, and all parties were present.

**The Law Office of Ihsan Dogramaci**

Hon. Victor Marrero
October 20, 2016
Page 2

Rapid Systems requests this relief on an urgent basis because it recently discovered that CDS is developing new software that will compete with Agencypad, has been pitching it to customers as a better alternative to Agencypad, *and will launch the product as soon as late October or early November.*

In brief, Rapid Systems is making this motion thanks to sheer luck. On October 3, 2016, a Rapid Systems salesperson happened to be copied on an e-mail from a British modeling agency to a salesperson employed by CDS SARL. That e-mail revealed that CDS has been secretly developing a new product intended to displace Agencypad, the product that is the subject of the Court's preliminary injunction entered on June 6, 2016. A follow-up telephone call to the British modeling agency revealed that the CDS SARL salesperson had "guided [the agency] away from a demonstration of Agencypad," in favor of the new product. (*See* Decl. of David John Talbot ("Talbot Decl.") ¶ 14.) Furthermore, the CDS SARL salesperson said the new product would be ready for release in about a month. (*Id.*)

It is no wonder that CDS has kept this project secret. On the one hand, if, as is likely, Agencypad was used to develop the new software, then the project violates the Court's preliminary injunction of June 6, 2016, which strictly controls all development of Agencypad. On the other hand, even if the new software is somehow being developed without reference to Agencypad, it constitutes an egregious breach of the individual counterclaim defendants' duties to C.D.S. Inc., a corporation 45% owned by counterclaim plaintiff Bradley Zetler.

The secret project also explains lately gathered evidence of C.D.S. Inc. and CDS SARL actually turning away Agencypad business. An example of C.D.S. Inc. turning away Agencypad business is seen in an e-mail chain attached as Exhibit M to the Declaration of Bradley Zetler in Support of Motion by Order to Show Cause. The e-mail chain shows a prospective purchaser of Agencypad being repeatedly rebuffed by C.D.S. Inc. The prospect complains on August 30, 2016, that two e-mails to C.D.S. Inc. had been ignored; finally, on October 5, 2016, the prospect gripes: "I've still not received any additional information as requested regarding pricing on your Agencypad software. Should I assume there would be no interest in having my company as a client?" Thus, C.D.S. Inc., having obtained from this Court a preliminary injunction purportedly to protect its ability to sell Agencypad, is doing precisely the opposite. The secret project explains this behavior because clearly CDS has no intention of sharing any revenue with Rapid Systems from sales of the secretly developed rival software. Since revenue from sales of Agencypad must be shared with Rapid Systems, CDS is stripped of any incentive either to maintain current sales or to promote new sales of Agencypad.

To make matters even worse, CDS clearly is intent on claiming that the new project is owned by CDS SARL, not C.D.S. Inc. (The e-mail of October 7, 2016, sent by counsel for CDS, cagily says that "C.D.S. Inc. is not developing new software" but plainly implies that CDS SARL is doing just that. (*See* Decl. of Ihsan Dogramaci in Supp. of Motion by Order to Show Cause ("Dogramaci Decl.") Ex. 15.)) Thus, not only will Agencypad be displaced by the new product, but C.D.S. Inc. – a company owned 45% by counterclaim plaintiff Bradley Zetler –

The Law Office of Ihsan Dogramaci

Hon. Victor Marrero
October 20, 2016
Page 3

will be displaced by CDS SARL – a company owned solely by counterclaim defendants Jerome Marechaux (92%), Christelle Riot (5%), and Jerome Viollon (3%) (*see* Dogramaci Decl. Ex. 7). The individual counterclaim defendants are all fiduciaries of C.D.S. Inc. but are aiming to take C.D.S. Inc.'s business away from it. This is an obvious breach of their fiduciary duty. (*See* Mem. of Law in Supp. of Rapid Systems' Mot. by Order to Show Cause ("Mem. of Law") 19-21.)

When the motion papers were submitted to your Honor's chambers this morning, CDS argued that no temporary restraining order should issue because any injury is fully compensable by money damages. This flies in the face of the argument that CDS successfully pressed on this Court when it argued that a preliminary injunction was necessary to prevent irreparable harm to it by loss of Agencypad sales. Inconsistency of this sort – where a litigant takes a position contrary to the position that it previously persuaded the Court to accept – threatens "the integrity of the judicial process." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). The doctrine of judicial estoppel serves to protect against that threat. *Id.* at 749-751. Here, Bradley Zetler is derivatively asserting a claim on behalf of C.D.S. Inc. to prevent the individual counterclaim defendants from looting it. CDS is estopped from denying that its efforts to displace Agencypad sales cause irreparable harm C.D.S. Inc.

Besides the harm suffered by C.D.S. Inc., there is also the harm suffered by Rapid Systems. CDS has used this Court's equity power to work an inequity: Rapid Systems is prevented by the Court's currently operative preliminary injunction from undertaking any sort of major improvement of Agencypad, but meanwhile, during Rapid Systems' time of forced stagnation, CDS has raced ahead. This misuse of the Court's power is not only unjust, it harms Rapid Systems irreparably because the Court cannot quantify the loss of goodwill from customers who, like the British modeling agency, are told not to bother with a demonstration of Agencypad because a better product is imminent. (Mem. of Law 23-24.)

The revelation that CDS is going to launch its secretly developed replacement of Agencypad in "about a month" from October 3, 2016 (*see* Talbot Decl. ¶ 14) makes the matter urgent. Rapid Systems therefore respectfully seeks a hearing at the Court's earliest convenience and entry of the temporary restraining order set forth in the proposed Order to Show Cause.

Respectfully submitted,

*Ihsan Dogramaci*

Ihsan Dogramaci

cc (by e-mail):
Hon. James L. Cott
Special Master Daniel Garrie
All counsel of record

---

*Plaintiff C.D.S. Inc. is* directed to respond by *10-21-16* . by letter not to exceed *three* (3) pages, to the matter set forth above by *defendants Rapid Systems CC and Bradley Zetler.*

SO ORDERED.

*10-20-16*
DATE    VICTOR MARRERO, U.S.D.J.