USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/4/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
C.D.S., INC.,                          :
                                       :
                    Plaintiff,         :
                                       :
    -  against  -                      :
                                       :
BRADLEY ZETLER, CDS, LLC, RAPID        :
SYSTEMS CC, and JOHN DOES 1-5          :
                                       :
                    Defendants,        :
                                       :
--------------------------------------X

16 Civ. 3199 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiff C.D.S., Inc. ("C.D.S.") commenced this action against defendants Bradley Zetler ("Zetler"), CDS, LLC, and Rapid Systems CC (collectively with Zetler and CDS, LLC, "Rapid Systems") alleging in its complaint ("Complaint," Dkt. No. 1) various violations of state and federal law.

On June 6, 2016, this Court granted C.D.S.'s motion for a preliminary injunction ordering Rapid Systems to give C.D.S. access to a number of accounts and software tools necessary for C.D.S. to continue operating its business of providing software products to talent and booking agencies in the fashion industry. C.D.S., Inc. v. Zetler, --- F. Supp. 3d ----, No. 16 CIV. 3199, 2016 WL 3275173, at *1 (S.D.N.Y. June 6, 2016) ("June 6 Order"). Rapid Systems has appealed the June 6 Order. (See Dkt. No. 71.)

Rapid Systems, in its First Amended Answer, Counterclaims and Jury Demand ("Amended Answer," Dkt. No. 91), asserted several direct and derivative claims against C.D.S.; its CEO, Diane Treat ("Treat"); three directors of C.D.S., Jerome Viollion ("Viollion"), Christelle Riot ("Riot"), and Christophe Racle ("Racle"); the majority shareholder of C.D.S., Jerome Marechaux ("Marechaux," together with Viollion, Riot and Racle, the "Individual Counterclaim Defendants"); and CDS SARL, a French company majority-owned by Marechaux that employs Viollion, Riot and Racle, (collectively, the "Counterclaim Defendants").

Rapid Systems now moves for (i) a temporary restraining order ("TRO") and a preliminary injunction against the Counterclaim Defendants, (ii) an order vacating the existing preliminary injunction, and (iii) leave to amend its pleading to add additional counterclaims. Rapid Systems also seeks additional expedited discovery. For the reasons set forth below, Rapid Systems's request for a temporary restraining order and a preliminary injunction is DENIED. Rapid Systems's request for an order lifting the existing preliminary injunction is DENIED. Rapid Systems's request for additional discovery is DENIED. Rapid Systems's request for leave to amend its pleadings to add counterclaims is GRANTED.

## I.    BACKGROUND

On October 20, 2016, Rapid Systems submitted to the Court a proposed Order to Show Cause requesting (i) a TRO and a preliminary injunction against the Counterclaim Defendants, (ii) an order vacating the existing preliminary injunction, and (iii) leave to amend its pleading to add additional counterclaims. At the Court's direction, the same day, Rapid Systems filed a letter requesting a hearing on its proposed Order to Show Cause. ("October 20 Letter," Dkt. No. 129.) Rapid Systems alleges that CDS SARL is developing a new software that will compete with C.D.S.'s existing software, Agencypad, which is the subject of this dispute. (See id. at 2.) Rapid Systems claims that by developing this new software, which Rapid Systems believes would be launched in October or November 2016, the Individual Counterclaim Defendants are breaching their fiduciary duty to C.D.S., which will be damaged because it will receive no revenues from the new product. (See id. at 2-3.) Rapid Systems also claims that it will be damaged because, under the existing preliminary injunction, it must work with C.D.S. to continue maintaining Agencypad and is prevented from developing newer versions of Agencypad that could compete with the CDS SARL's new product. (See id. at 3.)

3

By letter dated October 21, 2016, the Counterclaim Defendants responded, opposing Rapid Systems's application. (October 21 Letter, Dkt. No. 132.) The Counterclaim Defendants concede that CDS SARL, the French entity, started developing a new product in or about June 2015, but maintain that C.D.S. has no involvement in developing the new product. (See id. at 1-2.) The Counterclaim Defendants contend that the new product, which is months away from launch, is being developed because of "the resistance that CDS SARL has experienced in the European market to sales of Agencypad and because of increased competition in Europe." (Id. at 2.) They further argue that Rapid Systems's application for a TRO fails for lack of emergency or irreparable injury because any harm Rapid Systems may suffer by reason of the new product at issue is compensable by monetary damages. (See id. at 3.)

Rapid Systems filed another letter dated October 25, 2016, asserting that Marechaux, as the person controlling all the other Counterclaim Defendants, "has been flagrantly breaching his fiduciary duty to C.D.S. Inc. in an extraordinary manner for approximately one year prior to C.D.S. Inc.'s commencement of this action" by developing the new product. ("October 25 Letter," Dkt. No. 133.) On that basis, Rapid Systems requests "expedited discovery" regarding the new product. (See id. at 3.)

4

In reply, C.D.S. and the other Counterclaim Defendants filed another letter dated October 26, 2016, disputing Rapid Systems's new counterclaims. ("October 26 Letter," Dkt. No. 134.)

The Court then held a phone conference with the parties on October 27, 2016. (See Dkt. Minute Entry dated October 27, 2016.) After hearing oral arguments regarding Rapid Systems's various applications, the Court denied Rapid Systems's motions for a temporary restraining order, preliminary injunction and to lift the existing preliminary injunction, and granted Rapid Systems's request to file amended counterclaims. (See id.) Rapid Systems stated its intention to appeal the Court's decision and requested this written order.

## II. DISCUSSION

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam) (internal quotation marks omitted).[1] A party seeking a preliminary injunction must demonstrate "(1) either (a) a likelihood of success on the

---

[1] The legal standards governing preliminary injunctions and temporary restraining orders are the same. See AFA Dispensing Group B.V. v. Anheuser-Busch, Inc., 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010).

merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction." Faiveley Transport Mahno AB v. Wabtec Corp., 559 F.3d 110, 116 (2d Cir. 2009) (citation and internal quotation marks omitted).

"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." Id. (internal quotation marks omitted). "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007).

Here, Rapid Systems has failed to show that it would suffer an immediate injury that cannot be remedied by money damages after trial. Even assuming that Rapid Systems is correct, and CDS SARL is about to launch a new product that may supplant some Agencypad sales in Europe, Rapid Systems has provided no basis for concluding that it cannot be compensated by money damages or that waiting until after trial

6

would cause Rapid Systems irreparable harm. The Court's finding in the June 6 Order that a preliminary injunction in favor of C.D.S. was warranted does not compel the same conclusion here. The alleged injury here, that a rival product created by C.D.S.'s fiduciaries may supplant some sales of Agencypad in some markets, is different from those the Court credited in the June 6 Order, where the Court found that, because of direct actions taken by Rapid Systems to deny C.D.S. access to Agencypad's underlying technology, C.D.S. was unable to serve its existing clients by maintaining Agencypad, thereby incurring a loss of business reputation that would be difficult to measure and compensate by money damages. See C.D.S., Inc. v. Zetler, --- F. Supp. 3d ----, No. 16 CIV. 3199, 2016 WL 3275173, at *1 (S.D.N.Y. June 6, 2016). Rapid Systems's motion for a TRO and a preliminary injunction is therefore DENIED.

Rapid Systems similarly has failed to provide a basis for lifting the existing preliminary injunction. The preliminary injunction was meant to ensure that C.D.S. would continue to operate and sell Agencypad services until the parties' dispute regarding ownership of that product can be determined at trial. Nothing in Rapid Systems's letters establishes that the preliminary injunction is not adequately serving that purpose. The preliminary injunction does not

prevent Rapid Systems from developing independent products to compete with the new product being developed by CDS SARL, but, because ownership of Agencypad is disputed, Rapid Systems may not use Agencypad to do so. Rapid Systems's motion to vacate the existing preliminary injunction is therefore DENIED.

Rapid Systems has also failed to provide adequate justification for granting its request for additional time to complete discovery. Rapid Systems alleges that it discovered the existence of the new product on October 3, 2016 (see "October 20 Letter," Dkt. No. 129), before the close of fact discovery (see Order, Dkt. No. 92). Nothing prevents Rapid Systems from using the remaining time for discovery to develop its new claims. Rapid Systems's motion for additional discovery is therefore DENIED.

Because Rapid Systems alleges that CDS SARL's development of the new product is a basis for additional counterclaims, Rapid Systems's request for leave to amend its pleadings to add these new counterclaims, a request the Counterclaim Defendants do not oppose, is GRANTED.

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendants Bradley Zetler, CDS, LLC, and Rapid Systems CC (collectively, "Rapid

Systems") for a temporary restraining order and a preliminary injunction (Dkt. No. 129) is **DENIED**; and it is further

**ORDERED** that Rapid Systems's motion for an order vacating the preliminary injunction issued by the Court on June 6, 2016 (Dkt. No. 129) is **DENIED**; and it is further

**ORDERED** that Rapid Systems's motion for additional time to conduct discovery (Dkt. No. 133) is **DENIED**; and it is further

**ORDERED** that Rapid Systems' request for leave to amend its pleadings to add new counterclaims grounded on the circumstances discussed above (Dkt. No. 133) is **GRANTED**.

**SO ORDERED.**

Dated: New York, New York

4 November 2016

VICTOR MARRERO
U.S.D.J.