

**Norris McLaughlin & Marcus, P.A.**
ATTORNEYS AT LAW



RECEIVED
NOV 09 2016
CHAMBERS OF
JUDGE MARRERO

875 Third Avenue
8th Floor
New York, NY 10022
T: 212-808-0700
F: 212-808-0844

*Direct Dial: 917-369-8867*
*Email: jedeutsch@nmmlaw.com*

November 9, 2016

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/10/16

**VIA FACSIMILE:  (212-805-6382)**

The Hon. Victor Marrero, U.S.D.J.
United States Courthouse
500 Pearl Street, Suite 1040
New York, NY 10007

Re: <u>C.D.S. Inc. v. Zetler et al. Case Number: 1:16-cv-03199-VM-JLC</u>

Dear Judge Marrero:

We are counsel for CDS, Inc. (plaintiff and counterclaim defendant) and CDS, SARL, Jerome Marechaux, Christelle Riot, Christophe Racle, Jerome Viollon, and Diane Treat (with Inc., "counterclaim defendants"). We write in response to the letter sent on behalf of Bradley Zetler, Rapid Systems CC and CDS LLC (the "Zetler Defendants) on November 8, 2016 (the "Nov. 8 Letter"). The Nov. 8 Letter on its face requests "clarification regarding a provisions in the Court's Decision and Order entered November 4, 2016" and requests permission from the Court to violate the preliminary injunction. It also makes misstatements about where the Zetler Defendants are contractually permitted to operate.

Nothing need be "clarified". The Court's Decision and Order of November 4, 2016 (docket #138) was clear: Agencypad may not be the basis of the development of new products or competing products during the pendency of this dispute. The Zetler Defendants should be required to act within the scope of the preliminary injunction and should be prohibited from introducing a new version of Agencypad.

On November 4, 2016, we wrote to counsel for the Zetler Defendants (attached hereto as Exhibit A) and requested that counsel confirm that "the Zetler Defendants have not undertaken the development of any new products premised, directly or indirectly, upon Agencypad or the Agencypad source code". No response to that request has been received and now it is clear why: the Zetler Defendants are developing a new Agencypad outside the scope of the injunction and the regime set up by stipulation.

The Zetler Defendants are not really asking this Court for "clarification". Instead, they are asking this Court to excuse a violation of two of the most basic premises of the preliminary injunction: "co-equal access" to Agencypad and preservation of the *status quo*.

The Nov. 8 Letter admits that: (1) apparently the Zetler Defendants have made a copy of the Agencypad source code for their only personal use; (2) that they are currently working on that copy of the

**Norris McLaughlin & Marcus, P.A.**

November 9, 2016
Page 2

source code to begin "preparing to relaunch Agencypad with Rapid Systems' branding as soon as a decision [by the Commercial Court of Paris] is rendered . . . [and] also [to] incorporate improvements that Rapid Systems believes are important to maintain Agencypad's competitiveness";[1] and, (3) that such improvements are taking place outside the development parameters incorporated in Special Master Garric's Report and Recommendation, so ordered by this Court (docket #59). These are admissions that the concept of "co-equal access" and maintenance of the *status quo* have been violated. Co-equal access requires that the source code be maintained in one place, that development take place jointly and in a fully transparent manner in JIRA (such that the Special Master can oversee the parties' compliance with the terms of the preliminary injunction) until such time as this Court determines the merits of the ownership of the intellectual property. Maintenance of the *status quo* requires the Zetler Defendants refrain from the conduct that they appear to have admitted to: that they are working on improvements (in a way that we cannot see) to a separate copy of the source code (that we did not know they possessed) and that they intend to introduce different and competing versions of Agencypad in the marketplace potentially as early as November 23. If the Zetler Defendants are not successful in this Court, then the conduct to which they have admitted in the Nov. 8 Letter constitutes the creation of a derivative work in violation of U.S. Copyright law. This is all deeply troubling and should be prohibited by this Court.

There is no need for "clarification" as the Court did not extend the preliminary injunction into "new territory". The Zetler Defendants urged the Court, in numerous submissions associated with their last motion, to adopt the position that any development at all of any product, related or unrelated to Agencypad, would be an absolute violation of the *status quo* enshrined in the terms of the preliminary injunction. Having argued so fervently in support of that notion, the Zetler Defendants should not now be heard to ask this Court to excuse them from the consequences of their prior arguments. The Court's ruling on November 4 was a natural and logical consequence of how even the Zetler Defendants understood the concept of the *status quo*. To ask for a "clarification" that reads that understanding out of the preliminary injunction is nonsensical, illogical, and flies in the face of all of their previous positions.

Respectfully, the request for "clarification" should be denied and the Zetler Defendants should be prohibited from disturbing the *status quo* in the manner in which they have requested permission to do.

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by

_[signature]_

**SO ORDERED.**

_11-10-16_
DATE                    VICTOR MARRERO, U.S.D.J.

Respectfully submitted,

NORRIS, McLAUGHLIN & MARCUS, P.A.

By: _[signature]_
Jeremy E. Deutsch

CC (via email): Magistrate Judge James L. Cott, Special Master Daniel Garric, Ihsan Dogramaci, Esq.

---

[1] We do not agree that a decision by the Commercial Courts of Paris will resolve the Agencypad ownership issues that are before this Court and thus permit the Zetler Defendants unilaterally to rebrand Agencypad and reintroduce an "improved" Agencypad into the marketplace. These unilateral actions, if taken by the Zetler Defendants, would prove one of the reasons for the preliminary injunction in the first place as these actions would go to the heart of our claims for confusion in the marketplace and trademark infringement. The resulting loss of control over our reputation will cause irreparable injury and it is appropriate to restrain the Zetler Defendants, as this Court has done. *See 27-24 Tavern Corp. v. Dutch Kills Centraal*, 2015 WL 5772158 at *20 (E.D.N.Y. Sept. 29, 2015).

# EXHIBIT A

## (Letter of November 4, 2016 to Ihsan Dogramaci, Esq)



**Norris McLaughlin & Marcus, P.A.**
ATTORNEYS AT LAW

875 Third Avenue
8th Floor
New York, NY 10022
T: 212-808-0700
F: 212-808-0844

*Direct Dial: 917-369-3842*
*Email: jedeutsch@nmmlaw.com*

November 4, 2016

**VIA Email**

Ihsan Dogramaci, Esq.
The Law Offices of Ihsan Dogramaci
1121 Avenue of the Americas, 4th Floor
New York, NY 10036

Re: <u>C.D.S. Inc. v. Zetler et al. Case Number: 1:16-cv-03199 (VM) (JLC)</u>

Dear Mr. Dogrmaci:

I write with respect to the Decision and Order of the Court, dated November 4, 2016 in which Judge Marrero held: "The preliminary injunction does not prevent Rapid Systems from developing independent products to compete with the new being developed by CDS SARL, but, **because ownership of Agencypad is disputed, Rapid Systems may not use Agencypad to do so**" (Docket # 138 at 7-8, emphasis supplied).

Please, at your earliest convenience, confirm that the Zetler Defendants have not undertaken the development of any new products premised, directly or indirectly, upon Agencypad or the Agencypad source code. If they have, please provide sufficient details for us to understand what has been done, when it began, and whether such development has now ceased. Please also note that we assume that, given your arguments and the positions you have taken in this litigation, that the Zetler Defendants have also not developed any new products premised in any way upon the database named Portfolio since you have argued, again and again, that Agencypad and the database are all the same thing.

Yours truly,

NORRIS, McLAUGHLIN & MARCUS, P.A.

By:

Jeremy E. Deutsch