

875 Third Avenue
8th Floor
New York, NY 10022
T: 212-808-0700
F: 212-808-0844

*Direct Dial: 917-369-8842*
*Email: jedeutsch@nmmlaw.com*

November 14, 2016

**VIA ECF**

The Hon. James L. Cott, U.S.M.J.
United States Courthouse
500 Pearl Street – Suite 1360
New York, NY  10007

                      Re:  C.D.S. Inc. v. Zetler et al. Case Number: 1:16-cv-03199-VM-JLC

Dear Judge Cott:

      We are counsel for the plaintiff CDS, Inc. in the above-referenced matter and we write to request the entry of a protective order directing that the deposition of Michael Bunker should take place via video conferencing rather than by in person examination or, in the alternative, that the Zetler Defendants should be ordered, at their expense, to take the deposition in a video conference facility such that plaintiff's counsel may attend and examine by video.[1]  Cost, convenience, and litigation efficiency overwhelmingly favor granting this application.

      Mr. Bunker is a resident of the State of Idaho and a non-party witness and the Zetler Defendants unilaterally, without consultation with plaintiff's counsel, subpoenaed him for deposition in Coeur d'Alene, Idaho on November 30 for a deposition to be recorded by video (Exhibit 1 hereto).

      Travel to and from Coeur d'Alene will require a full day, each way, because one must fly into Spokane, WA (an approximately 7-10 hour trip) and then rent a car and drive over two hours

---

[1] Counsel for plaintiff and the Zetler Defendants have had three separate phone consultations with respect to this issue during the week of November 6 with the last "meet and confer" on November 11 between Christian Cangiano on one side and Mr. Dogramaci and Mr. MacLeod (who has not filed a notice of appearance in this matter) on the other side.  That call lasted approximately 30 minutes.  I requested of Mr. Dogramaci during a 90 minute call on November 10 that he permit this deposition to go forward remotely by video conference and time he refused, stating that it was his right to take the deposition in person.  I requested on November 10 that this be permitted because of his desire to produce witnesses under his control on November 29 and December 1 but he still declined.  Mr. Cangiano, raised the question again on the call on November 11 and, when Mr. Dogramaci again refused, Mr. Cangiano told him that we would therefore be forced to apply for this relief.  Therefore, this motion is necessary as good faith consultation has proven unsuccessful.

Norris McLaughlin & Marcus, P.A.

November 14, 2016
Page 2

to Coeur d'Alene. In other words, travel to the deposition location will entirely eat up November 29, the day before, and December 1, the day after (assuming that the full day of deposition is used). Critical depositions in this case of Zetler Defendant witnesses are tentatively scheduled for November 29 and for December 1 thus making it very difficult for counsel for plaintiff to attend everything. We will also wish to examine Mr. Bunker at his deposition and the timing for this may well make it impossible to do.

Given the abbreviated discovery schedule in this matter, given the unnecessary expense in both travel costs[2] and lost time, and given the clear prejudice to the plaintiff, we request that the Court enter a protective order requiring the Zetler Defendants to take the deposition of Mr. Bunker by video conference.

In similar circumstances, Judge Sweet granted a protective order compelling a deposition by video conferencing. In *Usov v. Lazar*, 2015 WL 5052497 (S.D.N.Y. Aug. 25, 2015), Judge Sweet found that because it would be a hardship to require the parties to travel to take the deposition of a non-party witness, because any harm in having a video conference deposition is "negligible in comparison" to the expense and inconvenience for all parties, and because a video deposition would permit the examiners to observe the deponent's demeanor, that the application by the plaintiff to take the defendants' non-party witness's deposition by video would be granted.

Here, given the time, expense (in flying to Spokane, renting a car, and taking hotel rooms), and tremendous inconvenience to counsel in having this deposition fall right in the middle of when the Zetler Defendants intend to produce important witnesses in New York, it would be only fair and equitable to order that the deposition take place via video conferencing. Under such circumstances, where cost, convenience, and litigation efficiency favor conducting a deposition remotely, such applications are granted.[3] *See, e.g., Robert Smalls Inc. v. Hamilton*, 2010 WL 2541177 (S.D.N.Y. June 10, 2010).

---

[2] Flights to/from Spokane for those dates appear to average about $600 a ticket with a car rental costing an additional $80-100, plus gas. The hotel where the deposition is noticed would cost approximately $114 a night. We are thus not far from $1,000 in out of pockets (plus meals and travel to/from the airport in NYC) for one deposition of a non-party witness.

[3] This request is also well within the spirit Local Rule 30.2 which provides that: "The motion of a party to take the deposition of an adverse party by telephone or other remote means will presumptively be granted."

Norris McLaughlin & Marcus, P.A.

November 14, 2016
Page 3

**Conclusion**

The motion for a protective order should be granted and the deposition of Mr. Bunker should be ordered to take place remotely via video conference. Or, in the alternative, the Court should enter an order permitting counsel for plaintiff to attend the depositions via video conferencing, at the Zetler Defendants' expense, while counsel for the Zetler Defendants travels, if he wishes to, to Idaho.

Respectfully submitted,

NORRIS, McLAUGHLIN & MARCUS, P.A.

By: _____
Jeremy E. Deutsch

CC:   All counsel (by ECF)