

# Norris McLaughlin & Marcus, P.A.
ATTORNEYS AT LAW

875 Third Avenue
8th Floor
New York, NY 10022
T: 212-808-0700
F: 212-808-0844

*Direct Dial: 917-369-8886*
*Email:ametz@nmmlaw.com*

February 8, 2017

**BY ECF**

The Hon. James L. Cott, U.S.M.J.
United States Courthouse
500 Pearl Street – Suite 1360
New York, NY  10007

Re:  C.D.S. Inc. v. Zetler et al., 1:16-cv-03199-VM-JLC

Dear Judge Cott:

      This firm represents plaintiff C.D.S., Inc. and counterclaim defendants Jerome Marechaux, Jerome Viollon, Christophe Racle, Christelle Riot and C.D.S. SARL (the "CDS Parties"). I write to request for an urgent telephonic conference this afternoon with the Court as to scheduling of upcoming discovery in this matter in light of the CDS Parties' intent to engage a forensic expert.

      At oral argument before the Court on February 3, 2017, Defendants requested that the CDS Parties engage a forensic expert to investigate various discovery concerns raised by Defendants. At that time, Defendants attached no additional conditions to the request. Defendants likewise did not raise such additional conditions in their letter sent to us on the evening of February 6, 2017. The CDS Parties have considered and acceded to Defendants' request, and are in the process of locating and interviewing appropriate potential forensic experts (particularly ones with a presence within the EU). Yesterday, we advised Defendants of our assent, and asked for their consent to a three-week extension of the discovery and other deadlines. (As we have been preliminarily informed, the data analysis will take that long to complete.) It does not make sense to conduct depositions if there may be more documents to be produced, or to conduct depositions and have witnesses appear a second time to be questioned on such additional documents, particularly if they are travelling from Europe – and Defendants agreed in principle with that position.

      While Defendants initially agreed to this extension in principle last night (with the proviso that they could participate in "vetting" the forensic expect), this morning they sought to impose three additional conditions on their consent. First, they seek to depose the forensic expert, to which we consent. (After discussion, it has been further agreed that Defendants will pay for any time charges for that firm's actual attendance at deposition.) Second, they demand that CDS SARL "instruct 23Prod [a non-party and French entity] to cooperate with the independent firm and make all documents relating to the new product that are in its possession, custody or control available to the independent firm." Third, they seek similar relief as to Jonathan DeCosta, a French non-party independent contractor providing

computer graphic design services (e.g., "skins"). Counsel for all parties engaged in a telephonic conference at noontime today to attempt to resolve these issues, but no agreement was reached.

We have declined to agree to these second and third requests as a condition for the retention of the forensic expert and agreement to extension of discovery deadlines. First, Defendants articulated no such conditions at the hearing on Friday, in their subsequent communication to us on February 6, 2017, or until this morning. It is fundamentally unfair for the CDS Parties to be met with new conditions after the fact of their agreement to the relief originally requested by Defendants.

Moreover, we believe such requests to be independent of the issue of the forensic expert, who is being retained solely to determine whether additional relevant data can be found on the CDS Parties' computers or cell phones. Defendants' request to involve the forensic expert in receiving information from 23Prod and Mr. DeCosta has nothing to do with that task. We have advised Defendants that we are willing to discuss in good faith the issue of 23Prod's and Mr. DeCosta's involvement, but that we do not control those non-parties and have concerns which must be addressed, e.g., as to the need for this discovery, and the applicability of the EU Data Privacy laws and French blocking statutes, before such an avenue is embarked upon. There is no reason to make the emergent issue of our willingness to perform forensic analysis, and scheduling of depositions now set for tomorrow and beyond, contingent upon this separate matter, or involve the forensic expert a repository for collecting documents from non-parties.

Additionally, we believe that the request for involving these third parties is premature if its sole purpose is to determine whether there are additional documents available from CDS SARL. That is the purpose of the forensic analysis; if that analysis determines that there is no evidence of deletion, the approach to foreign non-parties is unnecessary.

In short, the CDS Parties have agreed to address the concerns discussed at the February 3, 2017 hearing and incur the substantial cost of engaging a forensic expert. While we have acceded to the terms expressed by Defendants up until this morning, the imposition of these after-the-fact demands is inappropriate, and these issues do not have to be bundled with the emergent issue of getting the forensic analysis underway.

We are available at the Court's earliest convenience to discuss this matter as necessary. We do note that Mr. Viollon's deposition is scheduled for tomorrow, and others are set for next week. (We also note the expectation for adverse weather conditions tomorrow.) We therefore respectfully request that this issue be resolved today if possible.

Jeremy Deutsch and Christian Cangiano, who are Counsel for Third-party Defendant Diane Treat, participated in noontime discussion but have a Court appearance this afternoon, and have advised that they consent to the extension of discovery deadlines, and have no position as to the remaining issues.

Respectfully submitted,

NORRIS, McLAUGHLIN & MARCUS, P.A.

By: _____
Alfred N. Metz

CC:   All counsel (by e-mail)