UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

C.D.S. Inc.,
Plaintiff,

- against -

Bradley Zetler; CDS, LLC; Rapid Systems CC; and John Does 1-5,
Defendants,

- and -

Amazon Web Services, Inc. and Rackspace US, Inc.,
Nominal Defendants.

Rapid Systems CC, CDS LLC, and Bradley Zetler,
Counterclaim Plaintiffs

-against –

C.D.S. Inc., Diane Treat; Jerome Viollon; Christelle Riot; Christophe Racle; Jerome Marechaux; and CDS SARL,
Counterclaim Defendants

Case No.: 16 Civ. 3199 (VM)(JLC)

ECF Case

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**

Alfred N. Metz
Andrew N. Parfomak
Ami Bhatt
NORRIS McLAUGHLIN & MARCUS, P.A.
*Attorneys for Plaintiff/Counterclaim Defendant CDS, Inc. and Third Party Defendants Jerome Marechaux, Jerome Viollon, Christophe Racle, Christelle Riot and C.D.S. SARL*
875 Third Avenue, 8th Floor
New York. NY 10022
212-808-0700

# TABLE OF CONTENTS

TABLE OF CONTENTS ........ 1

TABLE OF AUTHORITIES ........ 2

PRELIMINARY STATEMENT ........ 3

ARGUMENT ........ 3

POINT I: THE MOTION FOR RECONSIDERATION IS INAPPROPRIATE ........ 3

POINT II: THERE IS NO NEED TO SHARE CONFIDENTIAL DOCUMENTS WITH FRENCH COUNSEL IN RELATION TO THIS LITIGATION ........ 7

POINT III: THE CONFIDENTIAL DOCUMENTS SHOULD NOT BE MADE AVAILABLE FOR THE FRENCH PROCEEDINGS ........ 10

CONCLUSION ........ 14

## TABLE OF AUTHORITIES

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36 (2nd Cir. 2012) .......... 4

*Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111 (2nd Cir.1991) .......... 7

*Cipollone v. Liggett Group,, Inc.*, 113 F.R.D. 86 (D.N.J. 1986) .......... 12

*Deng v 278 Gramercy Park Group, LLC*, 12-cv-7803(DLC), 2014 WL 4996255 (S.D.N.Y. Oct. 7, 2014) .......... 7

*Dove v. Atlantic Capital Corp.*, 963 F.2d 15 (2nd Cir. 1992) .......... 12

*In re Parmalat Sec. Litig.*, 258 F.R.D. 236 (S.D.N.Y. 2009) .......... 12

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99 (2nd Cir. 2013) .......... 4

*Luv n' Care, Ltd. v Regent Baby Products Corp.*, 986 F. Supp. 2d 400 (S.D.N.Y. 2013) .......... 4

*Natl. Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Companies, Inc.*, 265 F3d 97 (2nd Cir. 2001) .......... 7

*Official Comm. of Unsecured Creditors v. Coopers & Lybrand, LLP*, 322 F.3d 147 (2nd Cir. 2003) .......... 4

*Polsby v. St. Martin's Press*, No. 97-cv- 690(MBM), 2000 WL 98057 (S.D.N.Y. Jan.18, 2000) .......... 7

*Quintero v Rite Aid of New York, Inc.*, 09-cv-6084 (JLC), 2012 WL 10401 (S.D.N.Y. Jan. 3, 2012) .......... 4

*Salveson v JP Morgan Chase & Co.*, 15-cv-0015, 2016 WL 6078616 (2nd Cir. Oct. 17, 2016) .......... 4

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2nd Cir. 1995) .......... 4

## PRELIMINARY STATEMENT

This Memorandum is submitted on behalf of Plaintiff/Counterclaim Defendant C.D.S. Inc. and Third Party Defendants Jerome Marechaux, Jerome Viollon, Christophe Racle, Christelle Riot and C.D.S. SARL (the "CDS Parties") in opposition to Defendants' February 1, 217 Motion for Reconsideration (the "Motion").

Defendants' current motion for reconsideration is no more than a rehash of its previous Letter Motion of January 12, 2017 (the "Letter Motion"), as to which this Court denied the relief requested by Order dated January 20, 2017 (Docket #189). The instant motion presents no newly discovered facts or changes in controlling law which might justify reconsideration, or any reason for altering the Court's holding upon such reconsideration even if granted.

The Letter Motion seeks to allow approximately ***four hundred thousand documents*** now classified as Confidential, pursuant to the terms of the Stipulated Protective Order dated October19, 2017 (Docket #128), to be shared with persons beyond the control and supervision of this Court, making them subject to open disclosure to third parties. The potential for harm to the parties' confidential business and other interests is patent. By comparison, when Defendants' counsel were asked today during the meet-and-confer specifically which documents they believed needed to be shared with French counsel, they stated, unbelievably, that they had "nothing specific in mind", "whatever is interesting". It is inconceivable that a modification of the Stipulated Protective Order is justified by a vague perception that something, somewhere might be advisable to show to a non-participant in this litigation, particularly when it creates patent risks of disclosure of a mountain of confidential information. Even if a discrete class of documents could be justified as an exception to the Confidentiality provision, there is no merit in the broad brush with which Defendants seek to declassify essentially all of the documents in this action.

## ARGUMENT

### POINT I

### THE MOTION FOR RECONSIDERATION IS INAPPROPRIATE

In this Circuit, "[t]he standard for granting … a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Salveson v JP Morgan Chase & Co.*, 15-cv-0015, 2016 WL 6078616 at *2 (2nd Cir. Oct. 17, 2016) (summary order) (*quoting Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2nd Cir. 1995). As this Court has itself observed:

> The standard for granting a motion for reconsideration is strict, as such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (citation and quotation marks omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided [,]" *Shrader*, 70 F.3d at 257, or where "a losing party examin[es] a decision and then plug[s] the gaps of a lost motion with additional matters." *Families for Freedom v. U.S. Customs & Border Prot.*, No. 10 Civ. 2705(SAS), 2011 WL 4599592, at *2 (S.D.N.Y. Sept.30, 2011) (citations and quotation marks omitted).

*Quintero v Rite Aid of New York, Inc.*, 09-cv-6084 (JLC), 2012 WL 10401 at *1 (S.D.N.Y. Jan. 3, 2012); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust,* 729 F.3d 99, 104 (2nd Cir. 2013); *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2nd Cir. 2012) (motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple"); *Official Comm. of Unsecured Creditors v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2nd Cir. 2003); *Luv n' Care, Ltd. v Regent Baby Products Corp.*, 986 F. Supp. 2d 400, 411 (S.D.N.Y. 2013).

Defendants previously made a motion for reconsideration to Judge Marrero in this litigation (Docket #77), and made no attempt to comply with the legal standards for the making of such a motion; the Court denied their motion as being fatally defective. This Court is respectfully referred to the September 30, 2016 Order of Judge Marrero (Docket #90 at 9-13) for detailed analysis and case law discussion of relevance to this Letter Motion.

Defendants make no apology or explanation for the inherent failure of their instant motion to also meet these standards; instead, yet again, they ignore the requirements entirely. They belatedly seek only to justify their "second bite at the apple" by saying that their first – the Letter Motion – wasn't really a full bite. Yet the record does not support their contention.

This Court did observe, at argument on February 3, 2017, that discussion in Defendants' Letter Motion of this issue occupied only one full page, with the remainder devoted to an entirely separate matter, the requested de-classification of certain "Attorneys Eyes Only" documents. However, as the Court noted, Defendants had the option of seeking leave to enlarge the page limits for their application. However, Defendants neither did so, nor preserved any objection that they lacked space to present a full argument. Neither in that Letter Motion nor in this Motion have Defendants demonstrated that they were unable to make the necessary arguments in the space they had.

More fundamentally, however, Defendants had the option in January of making two separate applications – one relating to "Attorneys Eyes Only" documents, and one relating to the "modification of the Protective Order" as to Confidential documents. Defendants have shown no hesitation to bring multiple, even simultaneous applications to this Court. There is no reason why the two matters raised in the Letter Motion needed to be presented together, and if presented separately, Defendants would have had a full five pages to set forth their arguments as to each. The two matters raised in the Letter Motion were logically and legally independent, as is demonstrated

by the facts that: (1) one sought to interpret the Stipulated Protective Order, while the other sought to modify it; and (2) they dealt with different classes of documents; and (3) the structure of the Letter Motion bifurcated the two with no substantive overlap in discussion. Having deliberately chosen a different path than all of the options available to them, Defendants should not now be given a "second bite at the apple".

Finally, it is disingenuous for Defendants to now contend that they were only requesting a conference, and that treatment of the Letter Motion as a motion was somehow inappropriate. The January 12, 2017 Letter Motion makes no reference to or request for a conference; instead, the Letter Motion explicitly "seeks a small modification of the Stipulated Protective Order's language". The Defendants further mischaracterize the Court's Individual Practices in an attempt to gain a procedural foothold. They state that "Section II.B … requires a conference prior to filing the motion", yet elide this Court's explicit statement that a conference may be "waived by the Court". The Defendants state that they were to file a "pre-motion letter", yet ignore that the Court envisions the possibility of converting the letter to a motion, e.g., by requiring that such letters "be filed as letter-motions." Defendants were well aware that their request could be treated as a motion, and they even styled it in that manner, without any reference to a conference request for lack of space, or reservation of rights, or advice that further argument was necessary.[1]

As one final procedural observation, Defendants submitted with their motion for reconsideration the Declaration of Ihsan Dogramaci with exhibits attached thereto; however, on motions for reconsideration, "[n]o affidavits shall be filed by any party unless directed by the Court". S.D.N.Y. Local Rule 6.3.

---

[1] Nor is there any merit in the notion, which Defendants tangentially advance, that the Court "misapprehended" that there were "two categories of changes" being sought (Defs. Mem. at 1). The Letter Motion made plain that it sought to give French counsel both access, and permission to use, the documents (at pp. 4-5), and the Order thereupon evinced understanding of that concept – considering both "sharing" them with other lawyers, and their usein litigation other than "this" one (Docket #189).

## POINT II

## THERE IS NO NEED TO SHARE CONFIDENTIAL DOCUMENTS WITH FRENCH COUNSEL IN RELATION TO THIS LITIGATION

At the outset, it should be noted that this is the first time that Defendants have attempted to justify modification of the Stipulated Protective Order upon the supposed need for French counsel to consult as to issues in ***this*** action. This contention, which should logically have been made first in the Letter Motion, was nowhere in Defendants' January 12, 2017 Letter Motion to the Court (*see* pp. 4-5 thereof). No reasons have been given for its omission then, or why it can only have been made now; it is plainly not based upon any newly-discovered facts or changes in controlling law (see Point I *supra*). Therefore, it is not an appropriate subject for a motion for reconsideration.[2]

There is precious little justification to be found in the Defendants' memorandum for allowing counsel who do not represent parties as to this proceeding to have access to Confidential documents. Defendants claim that issues of French law are "at the heart of this case" (Defs. Mem. At 4). Yet, its purported relevance to this case comes solely, according to Defendants, in the ***Nineteenth*** and ***Fifteenth*** Affirmative Defenses in the Second Amended Answer, relating to the Exclusive Distributorship Agreement ("EDA") (Docket #139 at 22).[3]

---

[2] Local Rule 6.3 (and its predecessor) "preclud[es] arguments raised for the first time on a motion for consideration." *Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2nd Cir.1991), *cert. denied,* 504 U.S. 910 (1992); *Polsby v. St. Martin's Press,* No. 97-cv- 690(MBM, 2000 WL 98057 at *1 (S.D.N.Y. Jan.18, 2000) ("On such a [Local Rule 6.3] motion, a party may not advance new facts, issues, or arguments not previously presented to the Court." (internal quotation marks omitted)); *Natl. Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Companies, Inc.*, 265 F3d 97, 115 (2nd Cir. 2001); *Deng v 278 Gramercy Park Group, LLC*, 12-cv-7803(DLC), 2014 WL 4996255, at *1 (S.D.N.Y. Oct. 7, 2014).

[3] Defendants have made clear (Defs. Mem. at 7 that, despite the plain language of the Stipulated Protective Order to the contrary (as this Court has already determined), they have shared Confidential documents with their French counsel. The CDS Parties reserve all rights to seek relief as to this violation of the Stipulated Protective Order, and request for the present that the Court order Defendants to enumerate all details of their violations, including the persons receiving such

Defendants have recently advised the CDS Parties that they have retained an expert witness in French law, who will be rendering an opinion in this case, presumably as to the very issues which Defendants identified above. This expert would have access, under the terms of the Stipulated Protective Order, to the Confidential Documents which Defendants now seek to make available on a wholesale basis, to persons wholly outside the jurisdiction and oversight of this Court. Defendants have provided no justification for such dissemination when their own expert is providing an opinion on the issues involved, with full access to the documents needed.

Indeed, during the meet-and-confer with Defendants on February 10, 2017, Defendants' counsel were asked which documents, or categories of documents, they believed necessitated the making of this motion, *i.e.*, which documents they intended to share with French counsel. Their answer was that they had "nothing specific in mind", just "whatever is interesting." This pronouncement evidences that there is no apparent or appropriate need for providing access to Confidential Documents.

The lack of compelling need for the instant relief is further borne out by the fact that is comes so belatedly. The affirmative defenses which give rise to the supposed need for consultation with French counsel have been on file with this Court since the First Amended Answer on September 8, 2016 (Docket #91 at pp. 21-22). Defendants agreed to the Stipulated Protective Order a month later and made no provision for French counsel to have access to these documents[4], and waited until January to make their Letter Motion.

---

documents, the dates of receipt, the Bates numbers of such documents, and their present location; and that such documents be returned immediately.

[4] The Stipulated Protective Order restricts the dissemination of Confidential information to (in relevant part) "the attorneys for the Parties and their partners, shareholders. associates. document clerks and paralegals who are necessary to assist such attorneys" (Order at ¶6(a)). There is no language in the Stipulated Protective Order which remotely suggests that this includes any attorney for any party, hired for any purpose (e.g., intellectual property attorneys, corporate counsel, or co-counsel in other proceedings). Rather, the plain meaning must be taken to be the signatory attorneys

Finally, Defendants contend in the proceeding which they instituted in the Commercial Court of Paris that the French Court is the "exclusive forum for resolving disputes 'arising with' the EDA" (Defs. Brief at 5 n. 4). This position is inconsistent with the argument for opening this proceeding to issues of French law; at the very least, if in advising that the French proceeding is "on appeal", Defendants appear to be saying that a French court may yet determine that the issues of French law in this proceeding could be barred from adjudication, the wiser course would be to defer Defendants' application until such issue becomes resolved in the French court. There is no cause for opening floodgates which cannot be closed where the need for "consultation", if any, remains to be finally determined by proceedings in another jurisdiction.

---

to the Order. If it were otherwise, such attorneys would have been mentioned or made signatories. Indeed, the parties went to pains to specify that associates, paralegals, and secretaries of the "attorneys" were included, indicating that if "foreign co-counsel" were intended to be within the ambit of the provision, they would have been enumerated.

## POINT III

## THE CONFIDENTIAL DOCUMENTS SHOULD NOT BE MADE AVAILABLE FOR THE FRENCH PROCEEDINGS

Here, Defendants make ***almost*** exactly the same argument as in their January 12, 2017 Letter Motion to this Court, and use essentially the same "precedents". There are no newly discovered facts, and no changes in controlling law, set forth in the Defendants' Memorandum. This asserted justification for "modification" of the Stipulated Protective Order is therefore also not an appropriate ground for a motion for reargument (*see* Point I *supra*).

There is one significant difference which merits denial of the Motion on its face. Now, the Defendants wish to change Paragraph 5 of the Stipulated Protective Order so that "Litigation Materials ... may be used only for purpose of ~~this~~ litigation", removing the word "this" (Defs. Mem at 3). First, the ellipsis is significant – the omitted words are "produced or disclosed in this action, whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY". The result of Defendants' proposed change does not merely affect "CONFIDENTIAL" documents, but the extremely sensitive "ATTORNEYS' EYES ONLY" documents, making them subject to disclosure in other proceedings. The Defendants have provided absolutely NO justification for that proposal. And, even worse, by eliminating the word "this" and not replacing it with an alternative or limiting it, they would be able to use ANY documents – even ATTORNEYS EYES ONLY documents – in ANY litigation, whether or not it involved CDS, and in any forum at any time, not just the "French proceedings" to which the motion is directed. Plainly, this request cannot be granted.

As in their initial Motion, Defendants have not demonstrated any need to override the expressed intent of the parties and the Court in the Stipulated Protective Order, and the determination of this Court. As this Court held on January 20, 2017 as to the Letter Motion:

> Paragraph Five [of the Stipulated Protective Order] provides that confidential information "may only be used for purposes of this litigation and not for any other purpose." By its very terms, the Protective Order does not contemplate that discovery produced in this lawsuit can be used in the proceedings in France (and the parties plainly knew that there were related foreign proceedings when they entered into their Stipulated Protective Order). What Defendants effectively seek is a "work around" through a tortured reading of the Protective Order to enable them to provide information to French counsel that they might not otherwise be entitled to given the more restrictive discovery rules abroad. But they have provided no authority — either in the Protective Order itself or in case law — that would permit the Court to rewrite the parties' agreement to that effect.

Order filed January 20, 2017 (Docket #189) at 2-3.

Defendants have articulated no documents, or classes of documents, which are required for adjudication in any other proceedings, or demonstrated their unavailability in those proceedings. When asked which documents or categories of documents Defendants' counsel contemplated sharing with French counsel, they responded that they had "nothing specific in mind", just "whatever is interesting." Clearly, there is no demonstrated need for modification of the Stipulated Protective Order.

In fact, the proceedings in Rapid Systems' suit in the Commercial Court in Paris concluded with an order adverse to Rapid Systems (*see* Docket #173), and the argument on appeal from that decision has closed and decision is expected on March 1, 2017; no further submissions are allowed. The proposed "modification" would have no effect upon that action. There is a dispute between Rapid Systems and CDS SARL, which will be heard in early March, which concerns only alleged recovery by Rapid Systems of invoices allegedly remaining unpaid by CDS SARL. Finally, there is a third lawsuit, brought by CDS Inc. against Rapid Systems in the Paris Commercial Court, relating exclusively to the Exclusive Distributorship Agreement, and as to which: (1) presumably all relevant documents are before the Court on this limited subject matter; and (2) Defendants have not, in any event, demonstrated any need for making documents obtained in discovery in this proceeding available to that forum.

As to all of these proceedings, Defendants have not demonstrated the unavailability of means to obtain necessary documents under French law and procedure, or the need for any particular documents or classes of documents, despite now three opportunities to do so (twice on the Letter Motion and in their recent Memorandum); no new submissions in this respect should be entertained at this late juncture.

As this Court has already ruled, there is no justification for rewriting the parties' agreement – endorsed by the Court – to restrict access to Confidential documents to ***this*** litigation. Once the documents are provided to French counsel, this Court has no effective means of oversight or protection of the confidential, restricted access to the documents – either within the context of the French proceedings, or if disseminated by French counsel to third parties. The confidential business and other information of the parties is made subject to wholesale disclosure, all in the name of a supposed need which Defendants have not even bothered to identify.[5]

Defendants cite the same case law in support of their motion for reconsideration as they did in the Letter Motion. Once again, are turning the case law they cite on its head in their desperate attempt to subvert the existing Order. Unlike the cases cited by the Defendants, the Protective Order is already in existence and has been agreed to by the parties. *See Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2nd Cir. 1992); *Cipollone v. Liggett Group,, Inc.,* 113 F.R.D. 86, 91 (D.N.J. 1986); *In re Parmalat Sec. Litig.,* 258 F.R.D. 236, 246 (S.D.N.Y. 2009). In none of those cases had the parties previously agreed, and the Court ordered, that Confidential documents be restricted to the parties' attorneys, as is the case here, and restricted in use to "this litigation". Thus, the question of "rewriting the parties' agreement" was not present.

Even assuming that this Court were inclined to "balance the parties' interests" in determining whether to modify the Stipulated Protective Order, there is only one way that the balance tips – in

[5] Defendants do not even urge that limited classes of documents be made available in the manner requested, or that application be made on a case-by-case basis.

favor of retaining the Confidentiality which limits access to "this litigation", a term the Court found to be clear in meaning. Having identified no documents which are necessary to be disclosed in other proceedings, there is no cause to expose all 400,000 Confidential documents to (1) use by third parties who can disclose them freely and who are beyond the jurisdiction of the Court; or (2) use in a foreign tribunal where this Court has no ability to maintain the confidentiality provisions which the parties agreed to, and which the Court ordered. The balance is clear.

**CONCLUSION**

For the foregoing reasons, Defendants' motion for reconsideration of this Court's Order of January 20, 2017 should be denied in its entirety.

Dated: New York, New York
February 10, 2017

NORRIS McLAUGHLIN & MARCUS, P.A.

__________/s/__________

By: Alfred N. Metz
*Attorneys for Plaintiff/Counterclaim Defendant CDS, Inc. and Third Party Defendants Jerome Marechaux, Jerome Viollon, Christophe Racle, Christelle Riot and C.D.S. SARL*
875 Third Avenue, 8th Floor
New York, NY 10022
212-808-0700

Of Counsel:
Andrew N. Parfomak
Ami Bhatt