UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| C.D.S. Inc., <br><br>    *plaintiff*, <br><br> - against - <br><br>Bradley Zetler; CDS, LLC; Rapid Systems CC; *and* John Does 1-5, <br><br>    *defendants*, <br><br> - and - <br><br>Amazon Web Services, Inc.; *and* Rackspace US, Inc., <br><br>    *nominal defendants.* | 16 Civ. 3199 (VM) (JLC) <br><br> ECF CASE |
| Rapid Systems CC, CDS LLC *and* Bradley Zetler, <br><br>    *counterclaim plaintiffs*, <br><br> - against - <br><br>C.D.S. Inc.; Diane Treat; Jerome Viollon; Christelle Riot; Christophe Racle; Jerome Marechaux; *and* CDS SARL, <br><br>    *counterclaim defendants.* | |

**REPLY MEMORANDUM IN SUPPORT OF
<u>RAPID SYSTEMS' MOTION FOR RECONSIDERATION</u>**

               THE LAW OFFICE OF IHSAN DOGRAMACI
               1120 Avenue of the Americas, 4th Floor
               New York, New York 10036
               tel: (212) 309-7580
               fax: (646) 568-3727

               *Counsel for Rapid Systems CC, CDS LLC, and
               Bradley Zetler*

February 17, 2017

**INTRODUCTION**

This motion seeks reconsideration of one part of the Court's Order of January 20, 2017 (ECF No. 189) (the "Order"). The Order denied a request to modify the Stipulated Protective Order in this case. Rapid Systems' opening memorandum of law explained the legal standard for modifying an already-entered protective order, cited authorities for the federal presumption in favor of allowing U.S. litigation materials to be used in foreign proceedings, and explained the parties' vital interest in obtaining the advice of foreign counsel for purposes of *this* litigation. In response, Jerome Marechaux and parties controlled by him – C.D.S. Inc., CDS SARL, Jerome Viollon, Christelle Riot and Christophe Racle (together with Marechaux, the "Marechaux Parties") – have opposed the motion but failed to address the arguments set forth and the authorities cited by Rapid Systems. As discussed below, they have also failed to apprise the Court of important facts and have misrepresented facts about Rapid Systems' motion. For the reasons stated in Rapid Systems' opening memorandum of law, the Court should grant the motion.

**ARGUMENT**

**I.      Reconsideration Is Appropriate**

As explained in Rapid Systems' opening memorandum, part of the Court's Order disposed of an issue subject to "expedited decision" under the Stipulated Protective Order in this case. Rapid Systems does not seek reconsideration of that. But reconsideration is appropriate of just that portion of the Court's Order that disposed of a matter for which "pre-motion letters" are required and that Rapid Systems' pre-motion letter had not addressed fully.

At the conference conducted on February 3, 2017, the Court agreed. While

advising that, going forward, the parties are to try and submit pre-motion letters with enough detail to allow for a quick disposition of the request, the Court stated that in this particular instance the motion for reconsideration is "an entirely appropriate application." (*See* Hr'g Tr. 3:7-8.)[1] The Court went on to state: "I'm certainly going to entertain [the motion] on the merits." (*Id.*, at 4:13.)

Nonetheless, the Marechaux Parties devote fully three pages of their brief to arguing that the Court should not reach the merits. In all those three pages, the Marechaux Parties ignore the reasoning already put forward by Rapid Systems and endorsed by the Court: Since the pre-motion letter did not set forth Rapid Systems' argument in sufficient detail, reconsideration is appropriate.

## II. The Marechaux Parties Fail to Address the Applicable Legal Standard

Rapid Systems' opening memorandum discusses at length the applicable standard for modifying an already-entered protective order. Over the course of three pages, Rapid Systems analyzed the standards articulated in *Martindell v. International Telephone and Telegraph Corp.*, 594 F.2d 291 (2d Cir. 1979), in *S.E.C. v. TheStreet.com*, 273 F.3d 222 (2d Cir. 2001), in *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, 255 F.R.D. 308 (D. Conn. 2009), in *Charter Oak Fire Insurance Co. v. Electrolux Home Products, Inc.*, 287 F.R.D. 130 (S.D.N.Y. 2012), and in *Tradewinds Airlines, Inc. v. Soros*, Nos. 08 Civ. 5901, 10 Civ. 8175, 2016 WL 3951181 (S.D.N.Y. July 20, 2016). But the Marechaux Parties fail to address the legal standard. Not one of the five cases analyzed by Rapid Systems is cited anywhere in the Marechaux Parties' Memorandum in opposition.

---

[1] An excerpt of the transcript is attached as **Exhibit 3** to the accompanying Reply Declaration of Ihsan Dogramaci in Support of Motion for Reconsideration.

Rapid Systems respectfully refers the Court to the discussion in Rapid Systems' opening memorandum establishing that no reliance on the Stipulated Protective Order in this case would have been reasonable and that therefore the Court is free to modify the Stipulated Protective Order based simply on a balancing of the parties' interests. Indeed, under the applicable legal standard, the fact emphasized by the Marechaux Parties – that the Stipulated Protective Order in this case applies to every document produced and that the Marechaux Parties have indiscriminately classified nearly every document produced by them as "Confidential" – actually supports Rapid Systems' position that there has been no reasonable reliance on the Stipulated Protective Order and that therefore the Court is free to revise the Stipulated Protective Order. *See, e.g.*, *Tradewinds Airlines*, 2016 WL 3951181, at *2 (discussing "'blanket' order[s] covering all documents produced during the litigation"); *Charter Oak Fire Ins.*, 287 F.R.D. at 132 (same); *In re EPDM Antitrust Litig.*, 255 F.R.D. at 219-320 (same).

### III.  The Marechaux Parties Fail to Inform the Court that They Recently Submitted "Litigation Materials" to a French Court

The Marechaux Parties' memorandum in opposition also fails to inform the Court of an important event that occurred while this motion was pending. On February 6, 2017, the Marechaux Parties did precisely what Rapid Systems has refrained from doing because of the position adopted by the Marechaux Parties on the present motion: The Marechaux Parties submitted to a French court "Litigation Materials" as defined by the Stipulated Protective Order. (*See* Reply Declaration of Ihsan Dogramaci in Support of Motion for Reconsideration (hereafter "Reply Decl."), Exs. 4 - 8.). This is a clear violation of the very provision of the Stipulated Protective Order that the Marechaux Parties are asking this Court to preserve. According to Paragraph 5 of the

Stipulated Protective Order (ECF No. 128), "Litigation Materials" (defined in Paragraph 2 to include "testimony given at a deposition") "may only be used for purposes of this litigation and not for any other purpose." Rapid Systems has thus been litigating in France with one hand tied while the Marechaux Parties simply acted as though this Court's orders, insisted on by the Marechaux Parties' themselves, simply do not apply to them.

The Marechaux Parties' conduct is obviously unfair. And their failure to apprise this Court of the fact is surprising, since Rapid Systems specifically raised the matter with the Marechaux Parties before the Marechaux Parties filed their memorandum in opposition. (*See* Reply Decl., Ex. 9.) The Court should not tolerate it and should grant Rapid Systems' motion on that ground alone.

**IV.     The Marechaux Parties Failed to Meet and Confer as Ordered by the Court**

The Marechaux Parties' memorandum in opposition repeatedly complains that Rapid Systems did not identify any specific documents that Rapid Systems intends to submit to any foreign court. What the Marechaux Parties fail to explain is that they never asked Rapid Systems to identify any such documents until 4:00 pm of the day the Marechaux Parties' memorandum in opposition was due. The Court's Order of February 3, 2017, clearly directed the parties to meet and confer "in advance of" the due date for the Marechaux Parties' memorandum in opposition. (ECF No. 217.) If this question was of such importance to the Marechaux Parties, they should have chosen to inquire of Rapid Systems in a timely manner. Regardless, it should be clear that the attorney work product doctrine protects information about counsel's identification of specific documents as potentially relevant to claims that are required to be litigated in a foreign court.

### V. The Marechaux Parties Misrepresent Rapid Systems' Pre-Motion Letter

The Marechaux Parties falsely claim that Rapid Systems' Motion for Reconsideration seeks different relief than was previewed in Rapid Systems' pre-motion letter. According to the Marechaux Parties, Rapid Systems now requests an amendment to Paragraph 5 of the Stipulated Protective Order but had not requested that in its pre-motion letter. (*See* Mem. in Opp'n 10.) This is simply not true. Rapid Systems' pre-motion letter of January 12, 2017, submitted to the Court by e-mail rather than by ECF so that it could be filed under seal, explicitly discussed Paragraph 5 of the Stipulated Protective Order. (*See* Letter from Ihsan Dogramaci to Hon. James L. Cott (Jan. 12, 2017), at 5.) And Exhibit N to the pre-motion letter of January 12, 2017, clearly showed in redline just the same changes sought by this Motion for Reconsideration.

### VI. The Marechaux Parties Mischaracterize the Proposed Modification to the Stipulated Protective Order

Finally, the Marechaux Parties argue that if Rapid Systems' motion is granted, then even documents marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" might freely be filed with a foreign court. (*See* Mem. in Opp'n 10.) But in fact such documents could only be shared with foreign counsel either on consent or with the Court's permission, since Rapid Systems' motion seeks a modification of Paragraph 7 to restrict the dissemination of "ATTORNEYS' EYES ONLY" documents.

**CONCLUSION**

For the reasons stated above and in Rapid Systems' opening memorandum of law, the Court should reconsider its Order and modify the Stipulated Protective Order.

Dated: New York, New York
      February 17, 2017

Respectfully submitted,

    */s/ Ihsan Dogramaci*
Ihsan Dogramaci
  e-mail: idogramaci@idlawoffice.net
THE LAW OFFICE OF IHSAN DOGRAMACI
1120 Avenue of the Americas, 4th Floor
New York, NY 10036
tel: (212) 309-7580
fax: (646) 568-3727

*Counsel for Rapid Systems CC, CDS LLC, and Bradley Zetler*