# The Law Office of Ihsan Dogramaci

1120 Avenue of the Americas, 4th Floor
New York, NY 10036

Tel: (212) 309 7580
Fax: (646) 568 3727

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/5/17
```

Sender's e-mail:
idogramaci@idlawoffice.net

April 4, 2017

**BY FAX**

Hon. Victor Marrero
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Suite 1040
New York, NY 10007

Re:  *C.D.S. Inc. v. Zetler et al.*, No. 16 Civ. 3199 (VM) (JLC)

Dear Judge Marrero:

I represent Rapid Systems CC, CDS LLC and Bradley Zetler (collectively "Rapid Systems") in this case. This letter is necessitated by the letter sent to your Honor earlier today by counsel for the Marechaux Parties (Jerome Marechaux, Christelle Riot, Jerome Viollon, Christophe Racle, Diane Treat, CDS SARL and C.D.S. Inc.).

Contrary to what Mr. Leichtman stated to the Court in his letter today, the Marechaux Parties have never asked Rapid Systems whether they wish the Court to set a trial date before discovery is completed, and Rapid Systems has never given the Marechaux Parties any indication that this is its position. For the reasons stated below, we believe that it is premature to set a trial date.

Discovery in this case has been delayed because the Marechaux Parties have twice changed counsel. In both instances, the Marechaux Parties' counsel requested an adjournment based upon their withdrawal. The second time that the Marechaux Parties' counsel withdrew, the proposed new counsel was disallowed by Magistrate Judge Cott because of proposed counsel's prior business dealings with the Special Master appointed in this case. (*See* ECF No. 251 (Mem. Order).) Finally, just one week ago, David Leichtman appeared for the Marechaux Parties.

At the hearing held before Judge Cott yesterday, a proposed discovery schedule was established, but it was noted that there was a degree of uncertainty involved. Specifically, before the withdrawal of the Marechaux Parties' second set of counsel, it was revealed that the

## The Law Office of Ihsan Dogramaci

Hon. Victor Marrero
April 4, 2017
Page 2

Marechaux Parties had failed to maintain relevant business records. Because of their failure, the Marechaux Parties agreed, and on February 8, 2017, were directed by the Court, to obtain a forensic expert to attempt to recover, if possible, any discarded information that was the subject of Rapid Systems' demands, as well as to locate documents for which a proper search was never conducted. While the scope of the forensic expert's work, and even a proposed expert, was agreed upon by prior counsel, Mr. Leichtman is now trying to revise what had been agreed upon and to undo instructions for the forensic expert that were demanded by Rapid Systems and were ordered by Judge Cott. We are attempting to resolve these issues in advance of our next conference with Judge Cott on April 13, 2017. The schedule that was established yesterday is dependent upon the forensic expert completing its work and supplying any discovered documents to us before the end of April. If that does not happen, or if a massive amount of documents is now located and produced, the discovery dates, just set yesterday, may have to be adjusted.

Further, last week I pointed out to Mr. Leichtman that questions of foreign law will almost certainly have to be resolved by summary judgment motions before trial, and there may prove to be other issues appropriate for summary judgment. Rapid Systems' position is still precisely the position that Rapid Systems stated to the Court by letter dated August 29, 2016. As I wrote to your Honor on that date: "Questions of foreign law should be presented to the Court by motions for summary judgment. Summary judgment may also be appropriate for certain discrete factual allegations in C.D.S. Inc.'s Complaint . . . ." (*See* Letter from Ihsan Dogramaci to Hon. Victor Marrero (Aug. 28, 2016), at 3 (footnote omitted).)[1] A footnote in Rapid Systems letter to the Court of August 28, 2016, cited authorities on the determination of foreign law:

> *See. e.g.*, *Labuda v. Schmidt*, No. 04 C 1281, 2004 WL 2290247, at *6 (N.D. Ill. Sept. 19, 2005) ("[I]n general, summary judgment is appropriate to determine the content of foreign law."); *accord* 9A Wright & Miller, Federal Practice and Procedure § 2444 (3d ed. updated Apr. 2016) ("If the proof before the district court on a summary judgment motion is not harmonious or is unpersuasive or inconclusive, the court should request a further showing by counsel, or engage in its own research, or direct that a hearing be held, with or without oral testimony, to resolve the issue.").

Therefore, because the discovery schedule may require adjustment in light of

---

[1] As required by your Honor's Individual Practices, this letter was hand delivered to the Court and not filed on ECF. All counsel of record, as well as Judge Cott and Special Master Daniel Garrie, were copied on the letter by e-mail. Upon request, Rapid Systems will promptly provide the Court with another copy of the letter.

**The Law Office of Ihsan Dogramaci**

Hon. Victor Marrero
April 4, 2017
Page 3

developing facts, and because summary judgment motions likely will be needed, we suggest to the Court that it is premature to set any date for trial.

Respectfully submitted,

*Ihsan Dogramaci*

Ihsan Dogramaci

cc (by e-mail): Hon. James L. Cott; all counsel of record

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendants.

**SO ORDERED.**

4-5-17
DATE

VICTOR MARRERO, U.S.D.J.