# Leichtman Law PLLC

David Leichtman
Leichtman Law PLLC
315 Madison Avenue, Suite 3011
New York, NY 10017
dleichtman@leichtmanlaw.com
212-419-5210

April 11, 2017

**FILED VIA ECF AND SIMULTANEOUSLY VIA EMAIL TO THE COURT AND COUNSEL**

Hon. James L. Cott
United States Magistrate Judge
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Suite 1360
New York, NY 10007

Re: cDs Inc. v. Bradley Zetler et al., Civ No. 1:16-03199-VM

Dear Judge Cott:

    We write pursuant to the Court's instructions at the April 3rd hearing concerning open discovery issues. There are three topics the Court asked us to address.

## 1. Defendants' Pending Motion For Reconsideration Of The Court's Denial Of Their Motion To Amend The Protective Order

    We do not have anything significant to add to prior counsel's briefing on this issue. The fundamental concern is that the Court will not have enforcement power over foreign counsel. While defendants remain free to share non-confidential materials and their own documents with their French counsel, there is no mechanism for enforcement of this Court's order with respect to Confidential and Confidential-Attorneys' Eyes Only as against foreign counsel or courts. At the Court's suggestion, we asked counsel for the defendants to identify a finite universe or circumscribed group of additional documents that might be shared, but as of this filing, they have not identified any such documents.

    There is one final item to note on this issue. In their reply brief, defendants attempt to fault plaintiff for providing the deposition of Robert Nagel to French counsel and French counsel's use of that deposition as an Exhibit to a brief filed in France. However, that deposition was from the preliminary injunction phase of this case, taken on May 31, 2016, months before the protective order was entered in this case on October 19, 2016. The transcript (or any part of it) was never claimed to be, or designated as confidential under the protective order, nor could it be since defendants now have entered it on the public docket in this case. Accordingly, defendants' argument is meritless.

## 2. The "Forensic Review"

As the Court predicted, the parties have not been able to agree on the scope of the so-called "forensic review" of the plaintiff's and third-party defendants' information. Although we do believe we have narrowed the gap on certain aspects of the review, there remain issues for the Court to decide.

As a threshold matter, we think it is important to remind the Court that the documents that may have been deleted consist solely of text messages and so-called Skype logs (concerning a functionality on Skype that permits users to type messages in addition to participating in live video conferences). We expect that the cDs Inc. and cDs SARL employees will testify that these methods of communication were little used for anything other than scheduling and non-substantive matters that are not material to this litigation. Accordingly, the scope of the review should be narrowly tailored and proportional to the needs of the case.

First, here is what we believe the parties do agree upon. A vendor will be engaged promptly to search the business devices (including computers and cell phones) of seven (7) agreed upon custodians, as well as any off-device back-up facilities of such devices, whether on a local server or in the cloud. The review will include a search for any deleted files, and then search terms provided by defendants in a November 13, 2016 letter will be run against any recovered documents, and any relevant, non-privileged documents not previously produced will then be produced. At the conclusion of the review, plaintiff will amend any discovery responses to reflect the results of the review. The parties also agree that if defendants choose to depose the examiner at the conclusion of the investigation, that defendants will pay for the time and costs associated with any such deposition.

Next, below are the issues on which the parties have not been able to agree, provided in a chart for the Court's convenience.

| Issue | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| Time Frame | The forensic review should only encompass the time period from March 1, 2016 through December 31, 2016. This was the period of time when documents that should have been preserved as a result of contemplated litigation may have been deleted. | Defendants have argued that the effort to obtain potentially deleted materials should go all the way back to 2005. They have stated that this is the time period of relevance to the dispute, but not cited any authority or given any explanation as to why there would have been any obligation to retain text message and skype-log documents before March 1, 2016. |
| Scope | The forensic review should be limited to text messages and skype-logs, and to any e-mail servers not previously searched. The scope of | Defendants appear to want the forensic examiner to do a complete search of all materials |

| | | |
|---|---|---|
| | any failure to preserve documents is limited to these methods of communications, and there is no evidence to the contrary. | on the designated devices and servers, without regard to whether the documents were already collected. This is impractical and essentially would require re-doing the entirety of discovery. This is neither warranted nor practical, and is certainly not proportional to the needs of the case. |
| Wireless Carriers | The parties have agreed that the U.S. custodians will ask their wireless carriers to search for any missing texts and skype logs as well.<br><br>One open issue is whether Section 1bis of the French Penal Code Law No. 80-538 (July 16, 1980) (the "French Blocking Statute") would prevent the French employees of cDs SARL from asking their non-party carriers to search for missing records, or would prevent the carriers from complying, making the asking futile.<br><br>Section 1bis provides:<br><br>"Subject to Treaties or International Agreements and to currently applicable laws and regulations, **it is prohibited for any person to request,** seek or disclose, in writing, orally, or in any other form, **documents or information of an economic, commercial,** industrial, financial **or technical nature directed toward establishing evidence in view of foreign judicial** or administrative **proceedings or in relation thereto.**" (Emphasis added).<br><br>A violation of the French Blocking Statute constitutes a criminal offense, the potential sanctions being imprisonment up to six months and/or a fine up to €18,000 for an individual and €90,000 for a company. | Defendants have simply stated that the application of the French blocking statute is plaintiff's burden, and have not taken a position on its applicability. |

| | | |
|---|---|---|
| | Thus, absent resort to the Hague Convention, which defendants have not utilized and have claimed cannot be used to be completed in time for trial, the plain text of the French statute would seem to prevent asking such non-parties to participate in providing documents that are known to be for the purpose of conducting foreign discovery. We are still reviewing the issue with French counsel, but there is no justification to order such a review if custodians could be fined or jailed for asking their carriers for documents that are likely not materials to this case in any event. | |
| Non-parties (23Prod/ Jonathan DaCosta)<br><br>Asking non-parties to participate and inclusion in search terms | Defendants have asked that non-parties 23Prod and Jonathan DaCosta be asked by cDs to voluntarily undertake a forensic review even though the Court has no jurisdiction over them, and there is no evidence in any event that their documents have anything to do with missing text messages or skype-logs.<br><br>The Court already indicated it does not have jurisdiction over these parties, but made a "suggestion" to prior counsel that cDs ask these non-parties to voluntarily comply.<br><br>For the same reason that cDs is concerned about Section 1bis of the French discovery blocking statute with respect to wireless carriers, the reason not to ask these non-parties is even more acute. The type of information defendants are seeking from them are highly technical, trade secret source code documents that are precisely the reason the French blocking statute exists. Accordingly, the French Blocking Statute applies with even more force than it would to wireless carriers, and even asking these non-parties to comply would be a violation of the statute.<br><br>In any event, in light of Judge Marrero's February 24th ruling that the supposedly "secret" new product is not derived from Agencypad, these documents are irrelevant to this lawsuit. That ruling had not been made at | Defendants appear to claim that the documents of 23Prod and Jonathan DaCosta are still relevant notwithstanding Judge Marrero's February 24th ruling. They have not provided any reason, or any explanation how the Court could order production of documents from parties over who it has no jurisdiction, or any basis for including search terms relating to a product that is no longer at issue in this case. |

| | | |
|---|---|---|
| | the time of this Court's February 8th conference where the issue was previously discussed. From plaintiff's point of view, these issues are no longer in the case, and defendants are barred from continuing to pursue discovery relating to this product.<br><br>Accordingly, not only should these non-parties not be asked to participate in the forensic review, but in addition any proposed search terms directed towards this product should not be included in the forensic review. | |
| Vetting | The forensic examiner is being hired by cDs, not by defendants, in order for cDs to comply with its discovery obligations. cDs has no interest in hiring an incompetent or ineffectual examiner; it is, after all, the plaintiff. If counsel for defendants want to speak with the examiner before the examination begins, it should only be with counsel for plaintiff on the communication, and limited to questions concerning the capabilities of the vendor. | Defendants seem to want unfettered access to the examiner and to have a say in what company is selected. This is inappropriate for many reasons, including the potential for runaway costs based on defendants' view of the scope of the project. |

The cDs parties request that the Court rule on the disputed issues so that the forensic review can commence promptly with the scope determined at the outset to avoid any potential for duplication of effort and cost.

### 3. Documents referenced in Defendants' February 21, 2017 Letter (Docket 233).

Last, at the April 4th conference the Court asked about the letter request in Docket 233. We believe that most of the issues referred to in that letter have been subsumed by the issues discussed above concerning the "forensic review." There are a handful of additional document issues primarily related to the financial information of both sides that the parties are continuing to meet and confer about. Unfortunately, those discussions were stalled between the end of December and last week as a result of the counsel change. Both sides are working to address those issues promptly, and it does not appear to us that there are any issues where there is an impasse that require intervention of the Court at this time.

Sincerely,

David Leichtman

CC: Counsel of Record